UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

YOLANDA MILLER,

    Plaintiff,

CASE NO.: 1:12-CV-23717

vs.

GHD ENTERPRISE CORP., HILDA M. DIAZ., individually,

    Defendant.

_____/

### DEFENDANT'S AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendants, GHD Enterprise Corp., and Hilda M. Diaz file their Answers and Affirmative Defenses to Plaintiff's Complaint, and state as follows:

### INTRODUCTION

1. Admitted for jurisdictional purposes only.

### PARTIES

2. Defendants are without knowledge as to Plaintiff's residency. As to the rest of paragraph 2, admitted for jurisdictional purposes only.

3. Admitted in part. Denied that Defendants have numerous employees located in the South American country of Colombia.

4. Admitted.

5. Denied.

6. Denied.

7. Denied.

8. Denied.

9. Denied.

## JURISDICTION AND VENUE

10. Admitted for jurisdictional purposes only. Denied that Defendants willfully misclassified Plaintiff's employment status under federal tax laws.

11. Admitted for jurisdictional purposes only.

12. Admitted for jurisdictional purposes only.

## GENERAL ALLEGATIONS COMMON TO PLAINTIFF'S FLSA CLAIM

13. Admitted in part. Defendants do not know what Plaintiff's definition of "termination" means. Defendants deny any allegations that Plaintiff did not leave her employment position with Defendants at her own will.

14. Admitted – the FLSA speaks for itself.

15. Admitted – the FLSA speaks for itself.

16. Admitted – the FLSA speaks for itself.

17. Admitted – the FLSA speaks for itself.

18. Denied.

19. Denied.

20. Admitted.

21. Denied.

22. Denied.

23. Denied.

24. Admitted.

## COUNT I
## UNPAID OVERTIME PRUSUANT TO THE FLSA 29.U.S.C. § 207
## (AS TO DEFENDANTS)

25. Defendant re-incorporates each and every response to every allegation as stated in paragraphs 1-24 above as if set out in full herein.

26. Denied.

27. Admitted.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

## GENERAL ALLEGATIONS COMMON TO PLAINTIFF'S WHISTLE-BLOWER CLAIM

32. Admitted in part. Denied that Plainiff was terminated by Defendants from her employment position with Defendants.

33. Without knowledge.

34. Denied.

35. Denied.

36. Denied.

37. Without knowledge and therefore denied.

38. Without knowledge and therefore denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Without knowledge and therefore denied.

50. Denied.

    a. Without knowledge and therefore denied.

    b. Without knowledge and therefore denied.

    c. Without knowledge and therefore denied.

    d. Admitted in part– the document speaks for itself. Denied that any such difference in the memo line contains evidence of a forged check.

51. Admitted.

## COUNT 2

## WRONGFUL TERMINATION IN VIOLATION OF THE FLORIDA PRIVATE WHISTLE-BLOWER ACT
## FLA.STAT. 448.102

52. Defendants re-incorporates each and every response to every allegation in paragraphs 1-12 and 32-51 as if set out in full herein.

53. Denied.

54. Admitted.

55. Denied.

56. Denied.

57. Denied.

## REQUEST FOR RELIEF

58. WHEREFORE, Defendants respectfully requests this Court:

    a. Deny Plaintiff's request for judgment against Defendant.

    b. Deny Plaintiff's request for damages and attorneys' fees in the amount requested.

    c. Award any other further relief this Court deems just and proper.

## DEFENDANTS' AFFIRMATIVE DEFENSES

### First Affirmative Defense – Plaintiff is not protected under the FLSA

Plaintiff did not engage in interstate commerce and therefore is not subject to the FLSA.

### Second Affirmative Defense – Defendants are not subject to Florida Statute §448.102

There is no coverage under the Statute. Defendants do not employ ten or more employees. Even if all independent contractors are considered, the total amount of individuals does not exceed ten.

### Third Affirmative Defense – Good Faith

With respect to Plaintiffs purported claims for unpaid overtime compensation, while it is denied any overtime is due, any omission in the payment of overtime was committed in good faith, due to excusable neglect and/or an inadvertent mistake and was based upon a reasonable belief of Defendants that the omission was not a violation of the FLSA. Accordingly, Plaintiffs should not be entitled to recover any award of liquidated damages if it is somehow determined that Plaintiff is owed overtime.

### Fourth Affirmative Defense – No Causal Connection

There is no causal connection between Plaintiff's actions and Plaintiff's subsequent leaving her employment position at her own will.

Dated: November 28, 2012

                                             __/s/ Netali Peles_____
                                             Netali Peles, Esq.
                                             Florida Bar No.: 84558
                                             Archer Bay, PA
                                             25 W. Flager St.
                                             Miami FL. 33130
                                             Telephone: (305) 456-3561
                                             Facsimile: (866) 984-5239
                                             NPeles@archerbay.com
                                             gbernardez@archerbay.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 28, 2012, I electronically filed the foregoing document with the Clerk of Courts using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Netali Peles
NETALI PELES, ESQ.
Florida Bar No.: 84558